UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CV-337-R

ALLTECH, INC .                                                                                          PLAINTIFF

v.

AGRA-PARTNERS, LTD., ET AL                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Gary Pusillo's Motion for Stay (Docket #15).  Plaintiff Alltech Inc. has responded (Docket #21).  Pusillo has replied (Docket #24).  This matter is now ripe for adjudication.  For the reasons that follow, Pusillo's Motion for Stay is GRANTED.

## BACKGROUND

Alltech filed a complaint alleging that Gary Pusillo indirectly infringed Alltech's Patent No. 6,045,834 ("the '834 Patent").  The '834 Patent involves a method of removing mycotoxins from animal feed by adding a composition of modified yeast cell wall extract and mineral clay.  Specifically, Alltech alleges that Pusillo induced infringement of the '834 patent by recommending to Luttrull Feeds a product which infringes one or more claims of the '834 Patent.

A reexamination proceeding concerning the '834 Patent is currently before the United States Patent and Trademark Office ("PTO").  The PTO is examining whether prior art not before the PTO during prosecution of the '834 Patent rendered it invalid.  The decision by the PTO could result in some or all of the patent claims being invalidated.

Pusillo has motioned the Court to stay the proceedings in this case, pending the results of the PTO reexamination. Alltech argues that it would be unduly prejudiced by the delay.

## STANDARD

Inherent in every court is the power to manage its docket and stay proceedings. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). This includes the authority to order a stay pending conclusion of a PTO reexamination. *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983). When determining if a stay is appropriate, courts generally consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 404, 406 (N.D.N.Y. 1999).

"[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination." *ASCII Corp. v. STD Entertainment USA, Inc.,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomm. Tech.,* 385 F. Supp.2d 1022, 1023 (N.D. Cal. 2005).

## ANALYSIS

All three factors weigh in favor of granting the stay. First, granting the stay will simply the issues in question. "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings). *Gould*

2

*v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983).  The sole issue in this case is whether Pusillo infringed upon the '834 Patent.  The reexamination proceedings deal directly with the validity of the '834 Patent.  If the PTO finds the '834 Patent invalid, there are no remaining issues in this case.

Even if the PTO does not find the entire patent invalid, the reexamination could still simplify the issues in question.  If the PTO cancels any of the twenty-one claims it is examining, the infringement and validity issues that could potentially be raised concerning those claims would be resolved.

Second, not only is discovery not yet complete in this case, it has not yet commenced.  The date of trial has not yet been set.  As the parties have not yet undertook the considerable time and expense of discovery, a stay is appropriate.

Alltech argues that it will be unduly prejudiced by the delay while waiting for completion of the reexamination proceedings.  Alltech states that there is a possibility that evidence could be lost or witness's memories could fade.  Alltech also states that Pusillo continues to take actions to undermine and invalidate the '834 Patent, and may be continuing to encourage other customers to infringe the patent.

The Court does not find these arguments persuasive.  The mere possibility that memories could fade is not enough to outweigh the benefits of staying these proceedings.  Additionally, the general proposition that memories fade is equally true for Pusillo's witnesses.

The Court is also not persuaded by Alltech's arguments concerning Pusillo's effort to undermine the '834 Patent.  Specifically, Alltech is concerned that Pusillo may be continuing to encourage other customers to infringe the '834 Patent by purchasing competing, infringing

3

products. The only evidence given by Alltech in support of its concerns is that Pusillo provided testimony in a separate litigation. However, the fact that Pusillo testified concerning the validity of the '834 Patent, while under subpoena, is not enough to convince the Court that there is a danger of undue prejudice to Alltech.

Therefore, the Court finds that a stay in this case is appropriate. This action shall be stayed pending the completion of the PTO reexamination.

## CONCLUSION

For the above reasons, Defendant Pusillo's Motion to Stay is GRANTED.

An appropriate order shall issue.